**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | : | |
| vs. | : | 4:07-MJ-00036-CLR |
| RONY DENIS,<br>Defendant. | : | |

---

## MOTION TO UNSEAL

---

Rony Denis is a named defendant in the above-numbered case. Denis is also the lead defendant in 1:25-cr-62 (SD Ga. 2025), and undersigned counsel Steven H. Sadow is his lead counsel in that case. Pursuant to *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001), Denis invokes the common law right of access to the courts and moves to unseal the Clerk's file in 4:07-MJ-36-CLR (opened 04/13/2007 closed 1/20/2017). To support good cause, Denis shows the following:

## ARGUMENT AND CITATIONS TO AUTHORITY

### I. The defendants' common law right of access outweighs any government interest in maintaining the 4:07-MJ-36-CLR file under seal.

"It is a foundational principle of American law that judicial proceedings should be open to the public." *In re Sealed Search Warrant*, 622 F. Supp.3d 1257, 1261 (S.D. Fla. 2022). Arising from the common law and First Amendment,

*Chicago Tribune Co.*, 263 F.3d at 1310-12, the right of access is the presumption where sealing is at issue and must be balanced against several factors to determine whether the government has both good cause and a compelling interest to seal a file from public view. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In *Romero*, the Eleventh Circuit explained:

> In deciding whether good cause exists, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Id.* at 1246.

Courts must also consider "whether the records are sought for [] illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 596-603 & n. 11 (1978)). Any restriction of the common law right of access must be narrowly tailored to the asserted compelling interest, and the Court must consider whether the chosen remedy is the least onerous of the available alternatives. *In re Sealed Search Warrant*, 622 F. Supp.3d at 1265.

Applied here, Denis invokes his common law right for a proper purpose: to review the case file for exculpatory or impeachment material that may be useful in

the 1:25-cr-62 case. Denis and his co-defendants have entered not guilty pleas in 1:25-cr-62—the file related to the 2007 investigation falls within the time periods referenced by count one. [1:25-cr-62, Doc. 3 at 11-18]. For that reason, access is likely to promote an understanding of historical events surrounding this investigation, and the defendants' search for any exculpatory evidence or impeachment material within this 2007 sealed file is certainly a legitimate purpose under the circumstances.

Denis has not sought this file for an improper purpose (*i.e.*, to promote a public scandal) and there is no "unfair commercial advantage" for Denis to gain in these circumstances. While Denis – without knowledge of the sealed materials – cannot represent that the press has been permitted access to substantial contents of the records, there has been significant media coverage over Denis's arrest, the case proceedings, and the government's investigation of the HOPCC.

At least one member of the public – a journalist for the Atlanta Journal Constitution – informally sought access to this file, citing the public interest in inspection. [Doc. 3]. Although this request was denied on procedural grounds, the order expressed no opinion on the merits of disclosure. [Doc. 4 at 2-3].

The government can show no compelling interest to maintain 4:07-MJ-36 under seal. Unlike the pre-indictment, investigative posture in *In re Search Warrants*, Denis makes this motion post-indictment, when there is no ongoing criminal investigation. 622 F. Supp.3d at 1265. 4:07-mj-36 is not an ongoing

investigation because this case was closed on January 20, 2017, years prior to the indictment. Any good cause in 2007 dissipated upon the unsealing of the 2025 indictment against Denis.

Without an ongoing investigation, and with information regarding the present allegations exposed to the public via the indictment and public detention hearings, any remaining privacy interests are *de minimis*. Likewise, this motion poses no risk of impairing court function, quite the opposite—revealing the 2007 investigation *furthers* proper court function by exposing available information to both parties.

## CONCLUSION

For the foregoing reasons, Rony Denis respectfully requests the Court **UNSEAL** the case file in 4:07-MJ-00036-CLR.

Respectfully submitted this 1st day of September, 2026.

*/s/ Steven H. Sadow*
Steven H. Sadow
Georgia Bar No. 622075
Counsel for Denis

Steven H. Sadow, P.C.
260 Peachtree Street, NW
Suite 2502
Atlanta, Georgia 30303
Tel: (404) 577-1400
Email: stevesadow@gmail.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing pleading, upon the government's counsel using the CM/ECF e-filing system, which automatically sends e-mail notification to opposing counsel.

This 1st day of September, 2026.

*/s/ Steven H. Sadow*
Steven H. Sadow